NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELENE R. ROBINSON,<br><br>  Plaintiff,<br>v.<br><br>PNC BANK and LINDEN VOLKSWAGEN,<br><br>  Defendants. | Civil Action No. 13-07818 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

This lawsuit, filed by Plaintiff *pro se* Helene R. Robinson ("Plaintiff"), complains of allegedly fraudulent lending practices in connection with the purchase of a vehicle from Defendant Linden Volkswagen ("Linden Volkswagen").[1] It is undisputed that the sales contract Plaintiff signed in connection with the vehicle contains a broad arbitration provision, which reads in pertinent part: "The parties to this agreement agree to arbitrate any claim, dispute, or controversy, including all statutory claims and any state or federal claims, that may arise out of or relating to [sic] the sale or lease identified in the agreement." (Russomano Cert., Ex. A, at 1.) Relying on this language, Linden Volkswagen now moves to dismiss the Complaint against it and compel arbitration, pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. [Docket Entry 10.] The motion will be granted, and Plaintiff will be compelled to arbitrate her suit against Linden Volkswagen in accordance with the terms of her signed contract.

---

[1] The Court understands Plaintiff's Complaint to allege a claim or claims pursuant to federal consumer protection laws, 15 U.S.C. Ch. 41 et seq. (See Compl. at 1.) Subject matter jurisdiction, which has not been challenged, is exercised here pursuant to 28 U.S.C. § 1331(a).

The legal standards governing a motion to compel arbitration are well established.  The FAA, 9 U.S.C. §§ 1-16, provides "the body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes" and expresses "a strong federal policy in favor of resolving disputes through arbitration."  Century Indem. Co. v. Certain Underwriters at Lloyd's, 584 F.3d 513, 522 (3d Cir. 2009) (citations omitted).  Arbitration, however, "is simply a matter of contract between the parties: it is a way to resolve those disputes – but only those disputes – that the parties have agreed to submit to arbitration."  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995).  A litigant cannot be forced to "submit to arbitration any dispute which he has not agreed so to submit."  AT & T Techs., Inc. v. Commc'ns. Workers of Am., 475 U.S. 643, 648 (1986); Century Indem., 584 F.3d at 523.  A court facing a demand to compel arbitration must therefore determine that "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement" before granting the demand.  See Century Indem., 584 F.3d at 523 (citing Kirleis v. Dickie, McCamey & Chilcotte, P.C., 560 F.3d 156, 160 (3d Cir. 2009)).

Defendant's demand must be granted here.  Initially, the Court determines that Rule 12(b)(6) is the proper vehicle for the instant motion.  The Third Circuit has recently held that where (as is the case here) "it is apparent" based on the complaint and the documents relied upon therein "that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard . . . .'"  Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764, 776 (3d Cir. 2013) (quoting Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)).  The sales contract that contains the arbitration clause is referenced extensively in the Complaint.

(See, e.g., Compl. at 2 ("When [P]laintiff was called in to sign the contract four days later, she reviewed the contract and the hidden financial details and immediately demanded that the loan be rescinded . . . .").) Where (as is the case here) a motion to compel requires only a review of the Complaint itself and the key document upon which it relies, Guidotti directs district courts to apply a motion to dismiss standard "without discovery's delay." See 716 F.3d at 776.

Applying this standard, the key question "'becomes whether the assertions of the complaint . . . would permit adduction of proofs that would provide a recognized legal basis' for rejecting" the defense of arbitration. See id. at 774 (quoting Leone v. Aetna Cas. & Sur. Co., 599 F.2d 566, 567 (3d Cir. 1979)). Here, they do not. Plaintiff's argument on this score is not to dispute the validity of the arbitration clause, or disclaim her knowledge of it; rather, Plaintiff contends she cannot be compelled to arbitrate because no one from Linden Volkswagen signed the sales contract and the contract is therefore "defective and not binding as a legal contractual instrument." (Opp. Br. at 3.) This argument is misguided for two reasons. First and foremost, it is an argument appropriately presented to an arbitrator, not the Court. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."). Because arbitration provisions are "severable from the remainder of the contract," when a party challenges an agreement, "but not specifically its arbitration provisions," those provisions are deemed enforceable and the challenge to the agreement itself must be heard by an arbitrator. See id. at 445-46.

Moreover, even if it were appropriate for the Court to address the issue of the sales contract's validity, it is readily apparent, based on the allegations of the Complaint itself, that the

3

contract is valid under Article Two of New Jersey's Uniform Commercial Code ("UCC").[2] Linden Volkswagen correctly highlights that even when a contract for the sale of goods is not signed by the seller, the contract is otherwise enforceable pursuant to New Jersey's statute of frauds: where a writing exists "sufficient to indicate a contract for sale has been made . . . signed by the party against whom enforcement is sought"; where "the party against whom enforcement is sought admits in his pleading . . . that a contract for sale was made"; or "with respect to goods . . . which have been received and accepted." N.J. Stat. Ann. §§ 12A:2-201(1), (3)(b), (3)(c). While all three of these provisions apply in this case, the Court will note that the Complaint unequivocally states that Plaintiff paid for and accepted her Volkswagen and has driven the car for more than two years. (See Compl. at 3 ("To compound the matter, [P]laintiff has suffered for twenty eight months with a defect in the 2012 CC . . . .").) In this case, Plaintiff cannot avoid the obligations imposed by the sales contract she signed because a representative from Linden Volkswagen did not also sign it.

Having found there exists between the parties a valid agreement to arbitrate, the Court must next determine that "the dispute at issue falls within the scope of that agreement" before compelling arbitration. See Century Indem., 584 F.3d at 523. Although the parties failed to address this issue during briefing, the Court finds that Plaintiff's lawsuit does in fact fall within the scope of the applicable arbitration clause. Importantly, "there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the dispute." Id. at 555 (quoting AT & T Techs., 475 U.S. at 650). As stated, the arbitration clause in this case is quite broad in scope, mandating arbitration of "any

---

[2] UCC Article Two governs transactions in goods, and an automobile is a good. See Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 171 F.3d 818, 824 (3d Cir. 1999).

claim" that arises out of or relates to the "sale" identified in the sales contract.  (See Russomano Cert., Ex. A, at 1.)  This lawsuit centers on the loan extended to Plaintiff in connection with her execution of the sales contract with, and purchase of a vehicle from, Linden Volkswagen.  In this circumstance, it cannot be said with "positive assurance" that the suit falls outside the scope of the sales contract's far reaching arbitration provision; indeed, the arbitration clause is "undoubtedly susceptible of an interpretation that covers the dispute in this case . . . ."  See Century Indem. Co., 584 F.3d at 556.  The Court therefore finds that the parties intended to arbitrate that dispute.

In short, when Plaintiff agreed to purchase and finance her car, she signed a contract with Linden Volkswagen that contained an extensive arbitration agreement.  By signing that contract, Plaintiff agreed to arbitrate any dispute, including the present one, arising out of or relating to her purchase.  The motion to compel arbitration is therefore granted, and the Complaint will be dismissed without prejudice as to Linden Volkswagen.[3]

An appropriate form of Order will be filed herewith.

               s/ Stanley R. Chesler
               STANLEY R. CHESLER
               United States District Judge

Dated: April 30th, 2014

---

[3] The Court notes that it appears Plaintiff was aware when she filed her lawsuit that this Court might not be the proper forum for it – the Complaint itself requests "monetary damages as awarded by a Jury and/or arbitration."  (See Compl. at 3.)

5