<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HELENE R. ROBINSON, | : : : | |
| | : | **Civil Action No. 13-7818 (SRC)** |
| Plaintiff, | : | **Civil Action No. 14-5676 (SRC)** |
| v. | : : | |
| PNC BANK and LINDEN VOLKSWAGEN, | : : : | **OPINION** |
| Defendants. | : : | |

<u>**CHESLER**</u>, District Judge

These matters come before the Court upon various motions filed by <u>pro se</u> Plaintiff Helene R. Robinson ("Plaintiff"). In Civil Action No. 13-7818, Plaintiff moves to reopen the case and remove the arbitrator [Docket Entry 31], and to consolidate [Docket Entry 32]. In Civil Action No. 14-5676, Plaintiff moves to amend the Complaint [Docket Entries 8, 12], and to consolidate [Docket Entry 9]. Also before the Court in that latter action is a motion by Defendant PNC Bank ("PNC") to dismiss [Docket Entry 5]. The Court has considered the parties' submissions. For the reasons that follow, the Court will grant PNC's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); the Court will deny as futile Plaintiff's motion to amend her Complaint, and it will deny her motion to reopen and replace the arbitrator; Plaintiff's consolidation motions are therefore rendered moot.

I. Background

This case involves Plaintiff's repeated allegations of fraudulent lending practices in connection with her purchase of a car from Defendant Linden Volkswagen ("Linden VW"). Linden VW later assigned its sales contract with Plaintiff to PNC. In December of 2013,

2

Plaintiff filed an action against Linden VW and PNC ("the First Action").  In April of 2014, this Court compelled the First Action to arbitration in accordance with the governing contract among the parties.  The Honorable Richard C. Camp was selected to arbitrate.  PNC then tendered its defense to Linden VW, which agreed to represent PNC's interest in the arbitration.

Next, Plaintiff initiated a second action ("the Second Action"), claiming that PNC is liable for having tendered its arbitration defense to Linden VW, which she asserts created an irreconcilable conflict of interest that undermined her claims.  She also generally asserts that there is an improper and collusive relationship between Linden VW's counsel and Judge Camp.

## II. Discussion

### a. Legal Standard

A complaint survives a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  The complaint must show, through the facts alleged, that the plaintiff is entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  The facts alleged "must be enough to raise a right to relief above the speculative level[.]'"  Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation."  Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679

3

("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678. Furthermore, although a pro se pleading is reviewed more liberally, it must nevertheless still allege facts sufficient to support a claim for relief. See Mala v. Crown Bay Marina, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.").

### b. Plaintiff's Allegations in the Second Action

Because Plaintiff at least invokes federal legislation, the Court opts not to dismiss her Complaint in the Section Action for a lack of subject matter jurisdiction. Assessing Plaintiff's claims with respect to those federal laws, however, the Court will dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Although Plaintiff cites numerous statutes, her Complaint fails to state an actionable violation of any of them. Plaintiff first cites laws that limit credit advertising and credit card fees. 15 U.S.C. §§ 1661-1665. Plaintiff does not, however, allege facts suggesting that Defendants violated those limits. Plaintiff next cites legislation governing consumer credit transactions and disclosures, 15 U.S.C. § 1601-§1681t, but the Complaint similarly fails to state a violation of those provisions. Third, Plaintiff refers to the Robinson-Patman Act, 15 U.S.C. § 13, yet she does not include any factual indicia of an antitrust violation. Finally, Plaintiff cites 12 U.S.C. §§ 5512-5581 and § 1691b, which pertain to the powers of the Bureau of Consumer Financial Protection; Plaintiff is not permitted to act pursuant to that agency's authority.

With respect to the allegations relating to the arbitration proceedings, they all fail to state a claim upon which relief can be granted. In essence, Plaintiff has not stated a conflict of interest

4

between any of the parties whatsoever.  Plaintiff has not identified any ethical conflict that arises from PNC having tendered its defense to Linden VW.  Rather than constituting an unethical or problematic action, PNC has a right to tender its defense.  Indeed, pursuant to the contract between PNC and Linden VW, PNC had requested that Linden VW indemnify and defend it.  That PNC exercised this contractual right does not constitute a fraud.

### c. Plaintiff's Proposed Amendment in the Second Action

Plaintiff also moves to amend her Complaint in the Second Action.  Courts are permitted to deny such applications if amendment would be futile.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  Here, the proposed amendments add no new facts which cure the deficiencies just discussed.  Moreover, the additional legal authority cited is inapposite.  Plaintiff relies on the Fourteenth Amendment to the U.S. Constitution, which only governs state actors, and it cannot be construed to support a claim against PNC.  See Blum v. Yaretsky, 457 U.S. 991, 1001 (1982); Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).  Plaintiff also refers to various additional statutory provisions that are all inapplicable; namely, Plaintiff cites sections of the Truth in Lending Act pertaining to dwelling-related credit transactions, student loans, and mortgages, none of which correspond to Plaintiff's allegations.  All told, the Court will deny Plaintiff's motion because the proposed amendments nevertheless "would fail to state a claim upon which relief could be granted."  Burlington, 114 F.3d at 1434.

### d. Plaintiff's Motion to Reopen the First Action and to Replace the Arbitrator

Finally, Plaintiff has not identified any inappropriate conduct or relationship involving Judge Camp.  Plaintiff refers in her motion to "extreme bias, prejudice and unfair practices," yet Plaintiff has not identified any facts whatsoever to support that allegation.  To the extent Plaintiff

5

later wishes to challenge any determination made in the arbitration proceedings, such an argument would be appropriate once a motion to confirm or deny the arbitration award is made.

### III. Conclusion

For the foregoing reasons, in the Second Action, the Court will grant PNC's motion to dismiss and deny Plaintiff's motion to amend; Plaintiff's motion to consolidate is rendered moot. In the First Action, the Court will deny Plaintiff's motion to reopen and replace the arbitrator; Plaintiff's motion to consolidate in that action is also rendered moot.

An appropriate form of Order will be filed herewith.

            s/ Stanley R. Chesler  
            STANLEY R. CHESLER  
            United States District Judge

Dated: January 21st, 2015