NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELENE R. ROBINSON, | : |
| Plaintiff, | : Civil Action No. 13-07818 (SRC) |
| v. | : |
| | : OPINION |
| PNC BANK and LINDEN VOLKSWAGEN, | : |
| Defendants. | : |

**CHESLER**, District Judge

This matter comes before the Court upon Defendant PNC Bank's ("PNC") motion to reopen the case, confirm the arbitration award, and enter judgment pursuant to the Federal Arbitration Act ("FAA") [Docket Entry 39 and 40]. *Pro se* Plaintiff Helene Robinson ("Plaintiff") does not oppose the motion. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant PNC's motion to reopen the case, confirm the arbitration award, and enter judgment.

I. **BACKGROUND**

This lawsuit, filed by *pro se* Plaintiff Robinson, complains of allegedly fraudulent lending practices in connection with her purchase of a vehicle from Defendant Linden Volkswagen ("Linden Volkswagen"). Plaintiff claims that the Linden Volkswagen agent who sold her a car failed to include financial details in the sales contract. (P. Mot. at III-IV). She also claims that the sales contract was not binding because, although she signed the contract, no representative of the car dealer signed the contract. (P. Mot. at IV). Thus, in December 2013,

she filed an action against Linden Volkswagen and PNC, the assignee of the sales contract. (Compl.).

On April 30, 2014, this Court granted Linden Volkswagen's motion to dismiss the Complaint against it and compel arbitration [Docket Entry 17 and 18]. This Court found that the governing sales contract contained a broad arbitration provision, which stated that: "The parties to this agreement agree to arbitrate any claim, dispute, or controversy, including all statutory claims and any state or federal claims, that may arise out of or relating to [sic] the sale or lease identified in the agreement" [Docket Entry 17]. Thus, the Court selected the Honorable Richard C. Camp to arbitrate the dispute. PNC then tendered its defense to Linden Volkswagen, which agreed to represent PNC's interest in arbitration. (PNC's Opp'n Br. to Pl.'s Mot. at 6). On June 17, 2014, the Court approved a stipulation that Plaintiff would dismiss her claims against PNC and arbitrate her disputes with PNC in the same arbitration as the one involving Linden Volkswagen [Docket Entry 29].

After stipulating to arbitration with PNC, however, Plaintiff complained by letter to Judge Camp. (Case No. 14-5676, Compl.). She claimed that there was a conflict because Linden was representing PNC's interest at arbitration and claimed that there was collusion between Judge Camp and Linden's counsel. (Case No. 14-5676, Compl.). Judge Camp disagreed and scheduled arbitration. (PNC's Opp'n Br. to Pl.'s Mot. at 6). Plaintiff failed to appear. (PNC's Opp'n Br. to Pl.'s Mot. at 6).

Soon after, Plaintiff filed a second action in federal court, making the same two claims she made in her letter; Plaintiff claimed that there was an irreconcilable conflict of interest since PNC tendered its arbitration defense to Linden Volkswagen and that there was an improper and

2

collusive relationship between Linden Volkswagen's counsel and Judge Camp. (Case No. 14-5676, Compl.). On January 21, 2015, this Court granted PNC's motion to dismiss the second action and denied Plaintiff's request to remove Judge Camp as arbitrator [Docket Entry 37 and 38]. This Court held that Plaintiff failed to identify any facts to support her allegations of "extreme bias, prejudice, and unfair practices" and stated that Plaintiff could challenge any determination made in the arbitration proceedings once a party made a motion to confirm or deny the arbitration award [Docket Entry 37].[1]

Although she received notice of the subsequent arbitration proceedings by mail and email, Plaintiff failed to appear. (Verbonitz Cert. Tab 2). On March 10, 2016, Judge Camp entered an arbitration award in PNC's favor and against Plaintiff in the amount of $30,869.30, plus continuing accrued interest at a per diem rate of $3.55 from March 3, 2016. (Verbnoitz Cert. Tab 2). The arbitration award did not prohibit, alter, or amend PNC's right to repossess the vehicle at issue. (Verbonitz Cert. Tab 2).

Defendant PNC now moves to confirm the arbitration award. Plaintiff has not opposed the motion or moved to vacate the award. Rather, Plaintiff responded by moving for the Chief Judge to review judicial misconduct and to take jurisdiction of the case [Docket Entry 42 and 43]. On April 18, 2017, Chief Judge Simandle denied Plaintiff's motions to the extent they sought review by or reassignment to Chief Judge Simandle [Docket Entry 45]. Chief Judge

---

[1] Plaintiff also filed a motion for an order to show cause why a sanction should not be issued for PNC counsel's alleged misconduct [Case No. 14-5676, Docket No. 15]. This Court denied that motion, finding that Plaintiff failed to show a basis for why the motion needed to proceed in an expedited manner [Case No. 14-5676, Docket No. 16]. Plaintiff appealed this Court's Order and the Third Circuit affirmed [Case No. 14-5676, Docket No. 22].

3

Simandle stated that the rest of Plaintiff's arguments in her motions remained before this Court [Docket Entry 45].

## II. ANALYSIS

Defendant PNC moves to confirm the arbitration award and enter judgment under the FAA. The FAA provides that a district court *must* grant a motion to confirm an arbitration award if four conditions are met. 9 U.S.C. § 9.[2] First, all the parties must have agreed that a judgment will be entered after an arbitration award is made. *Id.* Courts have found this requirement to be satisfied if an arbitration agreement explicitly states that the arbitration is final and binding, because then the parties have implicitly agreed that a judgment is to be entered in accordance with the arbitration award. *Northeast Regional Council of Carpenters v. KRS Constr. Grp, LLC*, No. 15-0047, 2015 WL 4773367, at *10 (D.N.J. Aug. 13, 2015) ("The fact that the arbitration is explicitly stated to be final and binding implied that district court confirmation is foreseeable and therefore was consented to by the parties at the time the SFA [Short Form Agreement] was signed."). Second, a party to the arbitration must move to confirm the award within one year after the award is entered. 9 U.S.C. § 9. Third, the motion to confirm must be brought in the district court specified in the agreement, or if the agreement does not specify the court, it must be brought in a district court in the district within which the arbitration award was made. *Id*.

---

[2] The statue provides:
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

Fourth, there must be no grounds on which to vacate, modify, or correct an arbitration award. *Id.* An aggrieved party who wants to challenge an arbitration award must move to vacate, modify, or correct the arbitration award after the arbitrator enters the award. 9 U.S.C. § 10. The statute imposes a three-month limitation period for challenging arbitration awards; after the limitation period has passed, a party can no longer challenge the arbitration award. 9 U.S.C. § 12; *Jeereddi A. Prasad, M.D., Inc., Ret. Plan Trust Profit Sharing Plan v. Inv'rs Assocs., Inc.*, 82 F. Supp. 2d 365, 367-68 (D.N.J. 2000) (citing *Service Employees Int'l Union, Local No. 36 v. Office Ctr. Servs., Inc.,* 670 F.2d 404, 409 (3d Cir. 1982)).

Here, all four of the conditions of 9 U.S.C. § 9 are satisfied. First, the arbitration agreement states that "[a]ny court having jurisdiction may enter judgment on the arbitrator's award" and that "[t]he arbitrator's award shall be final and binding on all parties." (Verbonitz Cert, Tab 1). The parties thus impliedly consented to confirmation of the award by a district court. Second, PNC properly moved to confirm the award on March 9, 2017, just within the one-year time limit of when the arbitrator entered the award on March 10, 2016. (Verbonitz Cert, Tab 2). Third, PNC moved to confirm the arbitration award in the proper court because the agreement did not specify a district court and the award was made in Essex County, which is within this Court's District. (PNC Mot. at 6). Finally, the Court has no grounds upon which to vacate, modify, or correct the award because Plaintiff has not moved to vacate, modify, or correct the award. Although Plaintiff makes arguments within her motion to review for judicial misconduct that challenge the arbitration award, Plaintiff has forfeited these arguments by not filing a motion to vacate, modify, or correct within the appropriate timeframe. Thus, according to 9 U.S.C. § 9, this Court must grant PNC's motion to confirm the arbitration award.

5

Even if the Court were to consider Plaintiff's arguments challenging the arbitration award that Plaintiff includes in her separate motion to review judicial misconduct, the Court would still find that there are no grounds to vacate the award. "[T]here is a strong presumption in favor of enforcing arbitration awards embodied in the FAA. When parties agree to arbitrate, they agree to do so through to completion, fully cognizant that a district court may vacate only under exceedingly narrow circumstances." *Andorra Servs. Inc. v. Venfleet, Ltd.*, 355 F. App'x 622, 625 (3d Cir. 2009) (internal citations omitted). In reviewing an award, the court should not consider whether the arbitrator committed an error of law. *Sun Ship, Inc. v. Matson Navigation Co.,* 785 F.2d 59, 62 (3d Cir. 1986). Errors in the arbitrator's factual findings or interpretations of the law, unless there was a manifest disregard for controlling law, do not justify a court's review or reversal on the merits. *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 36-38 (1987). The court may only consider such things as the partiality or corruption of the arbitrator, misconduct of the arbitrator, where the arbitrator has exceeded his powers, a miscalculation in the award, or an imperfection in the award. 9 U.S.C. §§ 10, 11 (1970).

Plaintiff first challenges the arbitration award by arguing that the sales contract was not binding and thus this Court should not have sent the case to arbitration to begin with. The issue of contract validity is a factual determination for the arbitrator to decide, *Buckeye Check Cashing, Inc v. Cardegna*, 546 U.S. 440, 445-46 (2006), and it does not fall into one of the categories that a court can consider in determining whether to vacate an arbitration award. Because this Court does not review the arbitrator's factual findings and interpretations of the law absent a manifest disregard for the law, it does not review the arbitrator's decision that the contract was valid. Moreover, this Court has already found that the contract was valid under

6

Article Two of New Jersey's Uniform Commercial Code ("UCC") because Plaintiff signed the contract.[3] Thus, the arbitrator did not manifestly disregard the law in determining that the contract was enforceable. Finally, Plaintiff cannot now argue that this Court should not have sent her claims against PNC to arbitration because Plaintiff herself stipulated to arbitration. *See Whitehead v. Pullman Grp., LLC*, 811 F.3d 116, 121 (3d Cir. 2016) (stating that when a party agrees to settle a dispute through arbitration in a stipulation, he is bound by the terms of that agreement). In sum, Plaintiff's argument that this Court erred in sending the case to arbitration is unpersuasive and is not a ground upon which to vacate the award.

     Next, Plaintiff argues that Judge Camp was biased. A party challenging an arbitrator's partiality must show that "a reasonable person would have to conclude that the arbitrator was partial to the other party to the arbitration" and the evidence must be "powerfully suggestive of bias." *Andorra Servs. Inc.*, 355 F. App'x at 626 (internal quotations omitted). Additionally, to vacate an award on this basis, any procedural error must create "fundamental unfairness." *Id.* "[I]t must be not simply an error of law, but one which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Whitehead*, 811 F.3d at 120 (internal quotation omitted).

     Here, Plaintiff's accusations of bias are mere allegations with no support from the record. Plaintiff alleges "Judge Chesler, PNC Attorney Susan Verbonitz, Linden Volkswagen's Attorney Thomas Russomano and Judge Camp colluded to deny Plaintiff her day in Court." (Pl.'s Mot. at

---

[3] In her motion to review judicial misconduct and take jurisdiction, Plaintiff states that this Court erred because it never decided whether the contract was binding. (P. Mot. at 2-3). This Court, however, did directly address this issue in its April 30, 2014 Opinion [Docket Entry 17]. There, this Court held that the contract's validity was an issue for an arbitrator, not the Court, to decide and that if it were appropriate for the Court to address the issue of the contract's validity, it would determine that the contract was valid under Article Two of New Jersey's Uniform Commercial Code ("UCC") [Docket Entry 17].

V). But, she provides no evidence of this claim. Plaintiff also alleges that during arbitration, "when Linden Volkswagen left the room, he [Judge Camp] shared with Plaintiff that he was going to reveal to her information provided by Linden." (Pl.'s Mot. at V). Plaintiff provides no evidence of this besides her own self-serving statement in her brief and she does not explain how this is powerfully suggestive of bias. Plaintiff additionally claims that her friend, "who was authorized to sit in at the Arbitration hearing, while going to the bathroom, heard Judge Camp tell Linden VW that Plaintiff did not have a case." (Pl.'s Mot. at V). Again, however, Plaintiff does not provide evidence of this and Plaintiff does not show how this is evidence that Judge Camp was motivated by bias. Plaintiff additionally fails to show any evidence of a fundamentally unfair proceeding. Judge Camp gave Plaintiff notice and an opportunity to be heard, and her decision not to partake in the arbitration does not render the proceeding fundamentally unfair. Thus, even if this Court considered Plaintiff's claims of bias, it would not find them persuasive enough to vacate, modify, or correct the award. In sum, this Court must confirm the arbitration award under 9 U.S.C. § 9 because the parties agreed that a judgment would be entered, PNC moved to confirm the arbitration award in the proper court within one year, and there are no grounds upon which to vacate, modify, or correct the award.

**I.     CONCLUSION**

For the foregoing reasons, the Court will grant PNC's motion to reopen the case, confirm the arbitration award, and enter judgment. An appropriate Order will be filed herewith.

                                                s/ Stanley R. Chesler
                                             STANLEY R. CHESLER
                                             United States District Judge

Dated: May 31, 2017